IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATHAN LEE THOMAS**, | Case No. 3:14-cv-00554-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANGELA M. METTIE, DAVID T. BEARDEN, JERI HEMMER, RONI SUE, ANGELO GOMEZ, and EDWARD J. RAY,** | |
| Defendants. | |

Nathan Lee Thomas, P.O. Box 9261, Portland, OR 97207. *Pro se*.

Michael Porter, Andrea M. Barton, MILLER NASH GRAHAM & DUNN LLP, 3400 U.S. Bancorp Tower, 111 S.W. Fifth Avenue, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Nathan Lee Thomas, *pro se*, filed a claim under the Americans with Disabilities Act ("ADA"), alleging that Angela Mettie, David Bearden, Jeri Hemmer, Roni Sue, Angelo Gomez, and Edward Ray (collectively, "Defendants") (1) forced him to identify as disabled, (2) discriminated against him on the basis of his disability by failing to provide him with reasonable accommodations in the work place, and (3) failed to hold employees accountable for

PAGE 1 – OPINION AND ORDER

discriminatory practices. Defendants move for summary judgment. For reasons set forth below, Defendants' motion is granted.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

Nathan Thomas ("Plaintiff") was employed as an Office Specialist 1 at Oregon State University ("OSU") from 2003 to 2013. Plaintiff's primary duties were to serve as a receptionist and to support faculty members and students at the Oregon Health and Services University ("OHSU") campus. Plaintiff was tasked with directing students and visitors, helping faculty members prepare their equipment and classrooms, giving information to students, and assisting

campus faculty with student examinations. Written and oral communication with students and staff was an important part of Plaintiff's position as an Office Specialist 1.[1]

On June 19, 2007, OSU issued a letter of reprimand ("2007 Reprimand") to Plaintiff for his alleged behavior towards faculty and students. The 2007 Reprimand asserted that Plaintiff refused to notarize Intern Log Hours and argued with his supervisor, Angela Mettie, and other OSU staff. It further noted that students and faculty were reluctant to approach Plaintiff and that the university had received complaints from OSU visitors about him. As a part of the 2007 Reprimand, OSU provided Plaintiff with access to seminars regarding working through conflict and effective communication in the workplace.

On July 13, 2011, OSU issued another letter of reprimand to Plaintiff and suspended him without pay ("2011 Reprimand"). The 2011 Reprimand was in response to several incidents. First, Plaintiff was escorted out of the OHSU building by a campus officer after the officer found Plaintiff locked in an OHSU conference room, which Plaintiff did not have authority to be in, with Post-it® notes covering the window. Second, OSU concluded that Plaintiff failed to follow the instructions of his supervisor and failed to perform tasks within his duties as an Office Specialist 1.

On July 19, 2011, Portland Police responded to a report that Plaintiff was walking on the sidewalk with a machete a few blocks away from OHSU. The police report described Plaintiff as indifferent to the police presence and using the machete to chop nearby grass as he was walking. Portland Police subsequently arrested Plaintiff. After OHSU Public Safety informed Ms. Mettie about Plaintiff's arrest, she placed Plaintiff on paid administrative leave pending a Human Resources investigation.

---

[1] Plaintiff does not dispute that effective communication was an essential function of his position.

PAGE 3 – OPINION AND ORDER

During the investigation, Ms. Mettie mentioned that she believed Plaintiff had stopped taking his medication. In response to this information, on October 17, 2011, OSU rescinded the 2011 Reprimand and placed Plaintiff on leave under the Family Medical Leave Act ("FMLA") from October 14, 2010 to January 13, 2012. OSU notified its Office of Equity and Inclusion ("OEI") about Plaintiff's actions. Roni Sue was then assigned as the case administrator for the ADA assessment of Plaintiff. Ms. Sue obtained permission from Plaintiff to contact his treating psychologist, Dr. Ray Tatyrek. Dr. Tatyrek opined to Ms. Sue that Plaintiff's behavior would improve with treatment.

In February 2012, Plaintiff returned to work. Upon Plaintiff's return, OSU allowed Plaintiff time off each week to attend treatment, assigned a new supervisor, Dr. David Bearden, to Plaintiff, moved Plaintiff's workstation away from his previous supervisor, Ms. Mettie, and closer to his new supervisor, and emphasized the performance of certain duties of Plaintiff's position.[2] Dr. Bearden provided Plaintiff with a written memorandum of work expectations.

On October 12, 2012, Dr. Bearden gave Plaintiff an annual performance evaluation that expressed concerns regarding Plaintiff's communication skills. Due to continued complaints and communication issues, Ms. Sue contacted Dr. Tatyrek to request an assessment to determine if Plaintiff needed additional accommodations. Dr. Tatyrek declined to perform an assessment.

On April 2, 2013, Ms. Sue contacted Plaintiff and stated that she needed a response from him regarding whether he would participate in an assessment by an independent evaluator. Plaintiff did not respond. On April 12, 2013, OSU placed Plaintiff on leave. On May 3, 2013, Plaintiff had exhausted all accrued leave absences. On June 25, 2013, Plaintiff was asked to contact OEI to participate in the process of determining his fitness to return to work. Plaintiff,

---

[2] Plaintiff's position and title of Office Specialist 1, however, remained the same.

PAGE 4 – OPINION AND ORDER

however, never took advantage of that process. In April of 2014, OSU notified Plaintiff that he was no longer an employee of OSU based on the fact that he had been on leave for more than one year.

## DISCUSSION

### A. Individual Liability Under the ADA

Defendants first argue that individual defendants cannot be liable under the ADA and, therefore, Defendants are entitled to summary judgment on all claims on this basis alone. Individual defendants cannot be held personally liable for claims seeking monetary relief under Title 1 of the ADA. *Walsh v. Nevada Dept. of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). Because the pleadings of *pro se* litigants are to be construed liberally, this Court could substitute OSU or OHSU as defendants. Even if this Court were to do so, however, both entities are entitled to state sovereign immunity,[3] and sovereign immunity is not abrogated in federal court for claims seeking money damages under Title I of the ADA. *Bd. of Trs. Of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001).[4] Therefore, Plaintiff's claims for monetary damages must be dismissed.

Plaintiff also seeks injunctive relief in the form of full reinstatement to his former position and a formal admission of guilt, accompanied by an apology. Plaintiff may be able to

---

[3] "State universities are considered to be 'arm[s] of the state,' that receive the benefit of Eleventh Amendment immunity." *Knight v. Portland State Univ.*, 2013 WL 4828857, at *2 (D. Or. Sept. 6, 2013) (citing *Hagel v. Portland State Univ.*, 237 F. App'x 146, 148 (9th Cir. 2007) (holding that Portland State University is entitled to Eleventh Amendment immunity)); *see also Clark v. OHSU*, 343 Or. 581, 596 (2007) (holding that OHSU is entitled to Eleventh Amendment immunity).

[4] The State of Oregon waived its sovereign immunity in its own courts under the Oregon Torts Claims Act ("OTCA"); however, Oregon has not waived its Eleventh Amendment immunity to suit in federal court. *See Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D. Or. July 26, 2013). "'Thus, suits by private parties against the state must be brought in state court.'" *Id.* (quoting *McVay v. Becker*, 2012 WL 1890374, at *9 (D. Or. Mar. 21, 2012)).

bring claims for prospective injunctive relief under Title 1 of the ADA against certain individuals in their official capacities. *See Garrett*, 531 U.S. at 374 n.9; *Walsh*, 471 F.3d at 1036; *Rogers v. State of Oregon*, 2014 WL 3513369, at *3 (D. Or. July 14, 2014). The Court, however, need not address this issue because, even if such claims are properly before the Court, Plaintiff fails to present evidence necessary to survive summary judgment, as discussed below.

### B. Thomas's Claims for Forced Identification and Hostile Environment

Plaintiff contends that Defendants forced him to identify as disabled (claim one) and failed to hold employees accountable for discriminatory practices, thus creating a hostile working environment (claim three). Defendants argue that these two allegations are not viable claims under the ADA and fail as a matter of law. Defendants also argue that Plaintiff fails to show a genuine dispute as to a material fact.

#### 1. Forced Identification

Title I of the ADA prohibits a covered employer from requiring a medical examination or making inquiries of an employee as to (1) whether the employee is an individual with a disability and (2) the severity or nature of the disability. 42 U.S.C. § 12112(d)(4)(A). Nonetheless, "[a] covered entity may make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B). If an employee is a qualified individual with a disability, the employer is required to engage in an interactive process with the employee to determine reasonable accommodation. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111 (9th Cir. 2000) (en banc) (vacated on other grounds by *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 396 (2002)); *see also* 29 C.F.R. § 1630.2(o)(3). Importantly, "the interactive process 'is triggered either by a request for accommodation by a disabled employee *or* by the employer's recognition of the need for such an accommodation.'" *Hadley v. Wal-Mart Stores, Inc.*, 2001 WL 34039486 (D. Or. Nov. 19, 2001) (quoting *Barnett*, 228 F.3d at 1112) (emphasis added).

PAGE 6 – OPINION AND ORDER

OSU argues that its duty to engage in the interactive process began when it learned that Plaintiff had potentially stopped taking medication. OSU recognized this duty, immediately rescinded the 2011 Reprimand, and engaged in the interactive process with Plaintiff. OSU did not demand contact with Plaintiff's therapist, but sought permission from Plaintiff to contact Dr. Tatyrek to determine potential reasonable accommodations for Plaintiff. Plaintiff subsequently gave OSU permission to contact his therapist. Because the ADA *requires* an employer to engage in the interactive process, OSU did not violate the ADA by doing so. Plaintiff provides no evidence showing a genuine dispute that OSU's engagement in the interactive process violated Plaintiff's rights under the ADA. Summary judgment in favor of Defendants is granted on claim one.

### 2. Hostile Environment

As to claim three, Plaintiff concedes that the Ninth Circuit has not recognized a claim for hostile work environment based on disability. Plaintiff argues, however, that other courts have recognized this type of claim and, therefore, this Court should recognize it as well.

The Ninth Circuit has not recognized a claim for hostile work environment under the ADA. *Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003) ("Our court has not yet held that such a claim exists, let alone what its source in the statute might be. We decline to do so here."). Even if a hostile work environment claim were cognizable under the ADA, Plaintiff has not provided evidence of "a discriminatorily hostile or abusive environment." *Meirhofer v. Smith's Food and Drug Ctrs., Inc.*, 415 Fed. App'x 806, 807 (9th Cir. 2011) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) (quotation marks omitted). Plaintiff argues that his supervisors "failed to invest any considerable time or effort" to help Plaintiff succeed and infrequently communicated with him. Plaintiff further alleges that his requests for an interview, a meeting, and an investigation were denied and that Ms. Mettie sent an email and said things to

PAGE 7 – OPINION AND ORDER

Plaintiff in an agitated and hostile tone. Such accusations are not "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

Furthermore, the evidence in the record shows that OSU responded to Plaintiff's concerns. The undisputed evidence submitted by the Defendants indicates that Mr. Bearden and Ms. Mettie responded to Plaintiff's emails and addressed each of Plaintiff's articulated concerns contained in the emails. The undisputed evidence also shows that OSU provided reasonable accommodations for Plaintiff. OSU provided Plaintiff with a new supervisor when he did not get along with Ms. Mettie. The declarations of Mr. Bearden, Ms. Mettie, and Ms. Sue show that OSU allocated time off each week for Plaintiff to attend treatment, moved Plaintiff's workstation, and emphasized certain professional duties for Plaintiff. When OSU determined that these accommodations were not successful, OSU's OEI repeatedly attempted to schedule an assessment to determine further accommodations that could be provided. Plaintiff declined the assessment and refused to engage in the interactive process with OSU.

The Ninth Circuit has not recognized a claim for hostile work environment based on disability and, even if such a claim were cognizable, Plaintiff does not provide evidence to create a genuine issue of material fact that OSU created a hostile work environment. Accordingly, summary judgment is granted in favor of Defendants on claim three.

**C.  Thomas's Claim for Reasonable Accommodation**

Plaintiff also argues that Defendants failed to provide him reasonable accommodation by refusing to (1) transfer Plaintiff to another department and (2) schedule mediation between Plaintiff and Ms. Mettie. Defendants respond that Plaintiff has not provided sufficient evidence to demonstrate that he is a qualified individual under the ADA and thus, summary judgment must be granted against all of the Plaintiff's claims, including claim two. In the alternative,

PAGE 8 – OPINION AND ORDER

Defendants argue that (1) they were not required to transfer Plaintiff to another department because there was not an available position and (2) assigning Plaintiff to a new supervisor eliminated any requirement to provide mediation between Ms. Mettie and Plaintiff.[5]

The ADA's employment provisions only protect persons who are "qualified individuals with a disability." 42 U.S.C. § 12112(a). If an individual is determined to have a disability, the ADA affords certain rights to that employee if the employee is able to perform the essential functions of their job either with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). Therefore, to prevail in an ADA discrimination action, a plaintiff must establish three elements: (1) the plaintiff is a person with a disability; (2) the plaintiff is capable of performing the essential functions of the job, with or without reasonable accommodation; and (3) the plaintiff was unlawfully discriminated against because of the plaintiff's disability. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 396 (2002). An employer discriminates against an employee if the employer does not provide reasonable accommodation, unless the employer can demonstrate that the accommodation would cause the employer "undue hardship." 42 U.S.C. § 12112(b)(5)(A). The plaintiff retains the burden of proof in establishing a prima facie case. The defendant, however, has the burden of production to establish what job functions are essential to the position. *Samper*, 675 F.3d at 1237.

Here, the issue is whether Plaintiff is a "qualified individual" capable of performing the essential functions of the position as an Office Specialist 1, with or without reasonable accommodation. Defendants argue that it is undisputed that (1) effective communication is an essential function of Plaintiff's position of Office Specialist 1 and (2) Plaintiff cannot

---

[5] Because the Court addresses the merits of Defendants' summary judgment motion, it will not address Defendants' argument that some of Plaintiff's claims are time-barred.

PAGE 9 – OPINION AND ORDER

communicate effectively with or without reasonable accommodation. Because Plaintiff does not provide any evidence, other than Plaintiff's own conclusory statements to the contrary, Defendants contend that no genuine issues of material fact exist regarding Plaintiff's qualified status under the ADA. Plaintiff responds by asserting that he can communicate effectively and can therefore perform the essential functions of the position.

One of the primary purposes of summary judgment is to identify factually unsupported claims or defenses and dispose of them. *Celotex*, 477 U.S. at 323-24. "[I]f the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate." *California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322-23). After a well-supported summary judgment motion is made, the non-moving party must go beyond the pleadings to demonstrate that there is material issue of fact. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see also Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). The non-moving party may do this by either citing to certain materials in the record[6] or demonstrating that the materials do not establish the absence of a dispute. *See* Fed. R. Civ. P. 56(c).

In this case, Plaintiff offers no evidence and fails to cite to materials in the record to demonstrate the existence of material issue of fact. A *pro se* party, who is not incarcerated, involved in civil litigation is held to the same standards and is "not treated more favorably than parties with attorneys of record." *Jacaobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *see*

---

[6] The record may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c).

*also Warden v.* Robinson, 2014 WL 252308, at *5 (D. Ariz. Jan. 23, 2014) ("A *pro se* litigant is held to the same standard in responding to a motion for summary judgment as a represented party."). The discovery deadline has passed and Plaintiff did not submit any evidence. Plaintiff argues that he possesses evidence, including annual reviews, accolades, honors, and "several [other] pieces of evidence," to support his claim. Plaintiff, however, did not submit these items into evidence nor did Plaintiff provide any admissible evidence to support the existence of these items.

Moreover, Plaintiff argues that several individuals, including Dr. Tatyrek, will corroborate Plaintiff's recitation of specific events. Plaintiff did not depose these individuals or obtain declarations from them, nor does Plaintiff show that he has personal knowledge of what these individuals would say at trial. A non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Liberty Lobby*, 477 U.S. at 252, 255 (1986) (explaining that the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient"). Here, Plaintiff's bare assertions of the existence of evidence are not enough to create a genuine issue of material fact regarding whether Plaintiff is a qualified individual under the ADA.

Additionally, Plaintiff fails to demonstrate that the materials in the record establish a genuine dispute. Plaintiff argues that there are omissions in the declarations contained in the record. He asserts that certain individuals said things to each other and to third parties, outside of Plaintiff's presence, that were contrary to what they set forth in their declarations.[7] Plaintiff,

---

[7] Plaintiff also argues that the declaration of Ms. Sue is hearsay and inadmissible unless her statement is subject to cross-examination at trial or corroborated by Dr. Tatyrek. Declarations to support a motion for summary judgment are permitted if they "[are] made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Defendants

PAGE 11 – OPINION AND ORDER

however, did not submit deposition testimony, witness declarations, responses to interrogatories, or any admissions by Defendants to support Plaintiff's assertions as to what other persons may have said to each other or to third parties. Even if the Court construes Plaintiff's response brief as a declaration by Plaintiff, the assertions Plaintiff makes regarding these individuals are outside of Plaintiff's personal knowledge and thus inadmissible in a declaration by Plaintiff.

Plaintiff further argues that emails in the record, particularly the email from Dr. Bearden to Plaintiff, demonstrate that Plaintiff's supervisors did not address Plaintiff's workplace concerns. Plaintiff extrapolates that, because Dr. Bearden thanked Plaintiff for his patience in an email, the statement is evidence of Dr. Bearden's failure to address Plaintiff's concerns and Dr. Bearden's lack of contact with Plaintiff. Dr. Bearden, however, addressed Plaintiff's concerns in a systematic fashion in the email after thanking Plaintiff for his patience. Because Plaintiff does not provide admissible evidence showing that OSU did not engage in the interactive process or that Plaintiff is a qualified individual under the ADA, Plaintiff fails to demonstrate that the materials in the record establish a material dispute.

In summary, Plaintiff's unsupported assertion that there is a dispute is insufficient to demonstrate a genuine dispute of material fact. Plaintiff fails to put forth evidence beyond the pleadings regarding his ability to perform the essential functions of his job. Defendants have submitted evidence that Plaintiff cannot perform the essential functions of the position of Office Specialist 1 with or without reasonable accommodation. Plaintiff has not submitted evidence beyond his subjective, unsubstantiated statements to the contrary. Viewing these facts in the light most favorable to Plaintiff, Defendants are entitled to summary judgment.

---

respond that the statement made by Dr. Tatyrek to Ms. Sue is offered not for the truth of the matter asserted but for the effect on the listener. The statement would be admissible at trial for that limited purpose and is therefore proper evidence for purposes of summary judgment.

PAGE 12 – OPINION AND ORDER

## CONCLUSION

Defendants' motion for summary judgment (Dkt. 47) is GRANTED. This case is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 17th day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
